UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
STINGRAY MUSIC USA, INC.,                                        :
                                                                 :    **ORDER AWARDING**
                                              Plaintiff,         :    **SANCTIONS AND REGULATING**
          -against-                                              :    **PROCEEDINGS**
                                                                 :
uCAST LLC f/k/a QELLO, LLC,                                      :    19 Civ. 7473 (AKH)
                                                                 :
                                              Defendant.         :
                                                                 :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

The Second Circuit has observed that "all litigants … have an obligation to comply with court orders. When they flout that obligation they … must suffer the consequences of their actions." *Baba v. Japan Travel Bur. Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (quotation marks omitted). This order concerns a situation in which a party has failed to comply with court orders and must, as a result, face the consequences.

Plaintiff Stingray Music USA, Inc. moves for sanctions against Defendant uCast LLC f/k/a QELLO, LLC, citing Defendant's repeated failures to comply with this Court's orders issued in connection with discovery. *See* ECF No. 38. Among other infractions, Plaintiff notes that on April 24, 2020, the Court ordered Defendant to pay $5,000 to Plaintiff "in recognition of Defendant's ongoing noncompliance with discovery," and ordered payment to be made "[w]ithin two weeks" from the order's issuance, *see* ECF No. 37, but that Defendant still refuses to make this payment. Plaintiff informs the Court that, several days *after* the payment was due, defense counsel informed Plaintiff that Defendant "did not have any money to pay the sanctions." ECF No. 38, at ¶ 19. Plaintiff further informs the Court that, notwithstanding this Court's prior order

1

for Defendant to produce relevant evidence and witnesses, Defendant's production remains very far from satisfactory.  *See id.* at ¶ 20.

I agree that Defendant's behavior is unacceptable and sanctionable.  Both "the Supreme Court and the Second Circuit have indicated on numerous occasions that sanctions are often a necessary means of dealing with a party which flouts court orders." *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (citation omitted).  Among other things, Federal Rule of Civil Procedure 37 authorizes sanctions to take the form of ordering the problem party to pay the aggrieved party's reasonable expenses, including attorney's fees, caused by the failure to obey judicial directive.  *See* Fed. R. Civ. P. 37(b).  This form of sanction is considered "the least severe" of the sanctions provided by Rule 37.[1]  *See Overton v. Ameriquest Mortg. Co.*, No. 05 Civ. 4715, 2006 WL 2504404, at *3 (E.D.N.Y. Aug. 28, 2006) (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979)).  As noted *supra*, my last order awarded Plaintiff $5,000 to cover fees and expenses incurred as a result of Defendant's noncompliance with discovery.  I award another $5,000 here, because Defendant's recalcitrance has forced Plaintiff through the same cycle of seeking discovery materials, being rebuffed, and having to come to the Court for intervention.

However, to avoid yet another round of Defendant refusing to comply with an order to make payment and Plaintiff returning to court for new sanctions, I rule that this order, and my prior order, *see* ECF No. 37, for a total payment of $10,000, shall be subject immediately to execution by Plaintiff.  Plaintiff may thus enforce both these orders against Defendant's assets

---

[1] On the more severe end of the spectrum, courts may impose an adverse inference, dismiss the case, or enter default judgment.  *See, e.g., Trustees of Mosaic & Terrazzo Welfare, Pension, Annuity & Vacation Funds v. Elite Terrazzo Flooring, Inc.*, No. 18 Civ. 1471, 2020 1172635, at *6 (E.D.N.Y. Feb. 20, 2020), *adopted*, No. 18 Civ. 1471, 2020 WL 1166616 (E.D.N.Y. Mar. 11, 2020) (noting that "the availability of these most severe sanctions in appropriate cases is essential to the efficient functioning of the courts").

as final judgments. *See Li Rong v. Perfect Team Corp.*, No. 10 Civ. 1637, 2014 WL 2465589, at *5 (E.D.N.Y. May 30, 2014) ("Defendants have not presented any legal authority … indicating that the Court lacks authority to compel defendants to comply *immediately* [with the order for sanctions]. Indeed, courts routinely require litigants to comply with Rule 37 sanctions before litigation is completed.") (emphasis added); *see id.* (collecting cases); *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968, 2008 WL 4185701, at *8 (E.D.N.Y. Sept. 8, 2008) ("Courts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated."); *see also* Fed. R. Civ. P. 54(b) (permitting entry of judgment on "fewer than all" claims where there is "no just reason for delay"). And as a word of caution to Defendant; failure to comply with monetary sanctions may be punishable by a finding of contempt and imprisonment pending compliance. *See generally Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995); *Mason Tenders Dist. Council of Greater New York v. Phase Contr. Servs., Inc.*, No. 14 Civ. 6016, 2018 WL 4682012, at *3 (S.D.N.Y. Sept. 28, 2018).

Discovery is closed, subject to the procedure I laid out in my prior order. *See* ECF No. 37, at 1. Namely, within one week of today's date, "Plaintiff will make a submission identifying all factual propositions that Plaintiff wishes to have the opportunity to prove by way of a Federal Rule of Civil Procedure 30(b)(6) witness. Defendant will have three weeks from the date of Plaintiff's submission to produce a Rule 30(b)(6) or represent to the Court that no suitable witness exists." *See id*. If no such witness exists, those matters will be deemed proven unless squarely controverted by documentary materials in the record.

For the reasons set forth above and in my recent order awarding sanctions, ECF No. 37, judgment on Plaintiff's motions for discovery sanctions is entered against Defendant and in favor of Plaintiff in the amount of $10,000.  The Clerk shall terminate the open motion (ECF No. 38) and enter judgment—which judgment shall be severable from the underlying litigation on the merits—in the amount of $10,000 against Defendant.  This judgment may be executed on immediately, consistent with Federal Rules of Civil Procedure 62(a) and 69(a)(1).  The case will remain open for continued proceedings on the merits.

SO ORDERED.

Dated:     May 14, 2020                         _____/s/_____
           New York, New York                   ALVIN K. HELLERSTEIN
                                                United States District Judge