UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
STINGRAY MUSIC USA, INC.,                                        :
                                                                 :   **ORDER AWARDING DEFAULT**
                                           Plaintiff,            :   **JUDGMENT**
           -against-                                             :
                                                                 :   19 Civ. 7473 (AKH)
                                                                 :
uCAST LLC f/k/a QELLO, LLC,                                      :
                                                                 :
                                           Defendant.            :
                                                                 :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Over the last three to four months, I have sanctioned Defendant three times for failure to comply with discovery obligations and directives of this Court. On April 24, I ordered Defendant to pay $5,000 for "ongoing noncompliance with discovery," and outlined a procedure whereby Plaintiff would "make a submission identifying all factual propositions" it would like to prove via Federal Rule of Civil Procedure 30(b)(6) witness and then Defendant would have three weeks to respond or represent that no such witness existed. *See* ECF No. 37. That order should have been enough to get this litigation back on track. It was not.

   On May 14, I sanctioned Defendant again, noting that Defendant had failed to either pay the first $5,000 sanction or to comply with the ordered discovery procedure. *See* ECF No. 39, at 1-2 ("This order concerns a situation in which a party has failed to comply with court orders and must, as a result, face the consequences."; explaining that "Defendant's recalcitrance ha[d] forced Plaintiff through the same cycle of seeking discovery materials, being rebuffed, and having to come to the Court for intervention"). I imposed another $5,000 monetary sanction, but also gave the Defendant another opportunity to meaningfully participate in discovery. I ordered that Plaintiff would make its submission of factual findings it wished to prove and, this time, the

1

Defendant would have three weeks to produce a suitable witness or else have these facts deemed proven. *See id*. at 3. One would have thought that a second round of sanctions, and my obvious exasperation, would have secured Defendant's cooperation. One would have been wrong.

On June 22, Defendant's counsel moved to withdraw, citing Defendant's, through its officers, refusal to respond to his communications or assist in any way with the litigation. *See* ECF No. 41, at 5 ("Defendant's conduct has rendered in unreasonable for Counsel to effectively provide legal assistance to Defendant."). On June 24, I granted counsel's motion, and reminded Defendant that, as a corporate entity, it cannot proceed *pro se* and must obtain new counsel. *See* ECF No. 42. I gave Defendant 30 days to secure counsel. *See id*.

Meanwhile, on June 29, I sanctioned Defendant for a third time, noting that well before counsel's withdrawal, Defendant had failed *again* to comply with its discovery obligation, as ordered repeatedly by this Court, to timely identify a Rule 30(b)(6) witness. *See* ECF No. 44. Noting that my two prior orders imposing sanctions had not "mince[d] words" as to Defendant's unacceptable behavior, I further signaled my dwindling patience with Defendant:

> As I made clear in my last order, the Supreme Court and Second Circuit have repeatedly approved of sanctions as a necessary and prudent tool for dealing with a party which flouts court orders. I limited the last round of sanctions to monetary penalties, but indicated that more punitive measures were available, [such as default judgment], and expressly warned that if Defendant could not timely identify a 30(b)(6) witness, the factual matters asserted by Plaintiff will be deemed proven unless squarely controverted by documentary materials in the record. Despite my ordering thousands of dollars in sanctions and my unequivocal chastisement of Defendant's behavior, Defendant has flagrantly ignored this Court's order.

*Id*. at 2 (quotation marks and citations omitted). Finding "no reason to further prejudicially delay Plaintiff's advancement of this litigation," I ordered another $5,000 in sanctions to cover the cost of Plaintiff's having to bring a third sanctions motion, and further ordered that Plaintiff's factual assertions would be deemed proven, unless later controverted by documentary evidence. *See id*.

2

at 3.  Hoping at long last to encourage Defendant to enter the fray as a participant in this lawsuit, I issued a final warning: "Defendant shall pay to Plaintiff $5,000 or else face further sanctions." *Id*. at 8.  Surely the finding of facts in Plaintiff's favor and additional monetary penalties would be enough, I thought.  Again, I thought wrong.

This brings us to today.  Plaintiff has moved for a fourth round of sanctions, on the grounds that, "Defendant has flouted the Court's authority, has not paid *any* of the fines, and refuses to provide Plaintiff with a date or contact information" for the coordinating of additional discovery proceedings.  ECF No. 46, at 1.  On top of that, Plaintiff notes, Defendant has ignored the Court's instruction that it must obtain counsel in order to proceed——as of today, Defendant remains lawyer-less.  *Id*. at 2.  Plaintiff asks me to strike Defendant's pleadings.  *See id*.

After not one, not two, but three rounds of substantial sanctions, each of which gave Defendant ample time to get its act together and comply with its litigation duties, whatever remained of my patience has run out.  Plaintiff's motion to strike is granted and I conclude that Plaintiff is entitled to default judgment in its favor.  As several other judges in this Circuit have recognized, "[a]lthough entry of a default judgment is an extreme measure, discovery orders are meant to be followed."  *Ptak Bros. Jewelry v. Ptak*, No. 06 Civ. 13732, 2009 WL 807725, at *7 (S.D.N.Y. Mar. 30, 2009) (Chin, *J.*) (quotation marks omitted) (collecting cases); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vi) (authorizing imposition of default judgment for failure to comply with discovery orders).  Balancing the competing needs for general deterrence of discovery violations and docket management with the preference for adjudicating cases on the merits, I hold that the entry of default judgment is warranted.  *See*, *e.g.*, *Ptak Bros. Jewelry*, 2009 WL 807725, at *8 (entering default judgment due after the offending party, *inter alia*, "failed to timely engage and retain counsel" and "refused to comply with their discovery obligations").  This wasteful cycle of

sanctions has gone on long enough and Defendant has had every opportunity to avoid this result. Indeed, the Court has tried nearly everything in its arsenal—from monetary sanctions to finding facts in Plaintiff's favor—and nothing has persuaded Defendant that compliance with discovery orders is worthwhile.  Defendant has refused even to find a lawyer, which alone has ground these proceedings to a halt.  Defendant has left little choice aside from my entering default judgment.

In sum, Plaintiff's motion is granted and default judgment will be entered against Defendant.  Plaintiff shall submit to the Court a proposed judgment within 15 business days, and in so doing shall include affidavits and whatever admissible proofs are necessary to establish the damages sought.  Defendant shall have ten days from the submission of Plaintiff's submission to file an opposition contesting Plaintiff's evidence.  Last, I impose an additional $50,000 monetary sanction on Defendant, on the grounds that Defendant has never shown that it had any colorable defense and caused a multiplication in these proceedings, adding to the costs of litigation as well as unnecessarily burdening the Court.  The Clerk is directed to close the motion (ECF No. 46).

SO ORDERED.

Dated:    August 11, 2020                                   _____/s/_____
           New York, New York                             ALVIN K. HELLERSTEIN
                                                                       United States District Judge